IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COURTLAN McLAY,

                 Plaintiff,

v.

HEIDI BECKMAN,

                 Defendant.

OPINION and ORDER

20-cv-464-jdp

---

This case arises out of a request by plaintiff Courtlan McLay to annul his marriage. McLay alleges that a tribunal for the Roman Catholic Church appointed defendant Heidi Beckman, Ph.D, as an expert to assess the allegation of McLay's ex-wife that McLay had exhibited "gravely abnormal behavior." Dkt. 1, ¶ 10. In her report, Beckman opined that McLay has narcissistic personality disorder. McLay contends that Beckman (1) defamed him by falsely stating that he has a psychological disorder and (2) acted negligently by failing to adhere to the ethical code of the American Psychology Association. The court may exercise jurisdiction under 28 U.S.C. § 1332 because McLay alleges diversity of citizenship and it is reasonable to infer that more than $75,000 is in dispute.

Beckman moves to dismiss the claim on several grounds: (1) the tribunal is a quasi-judicial body, and Beckman has immunity as an officer appointed by the tribunal; (2) Beckman issued her report as part of a "church proceeding," so the Free Exercise Clause bars the court from considering Beckman's claims; (3) McLay agreed to the annulment proceeding, so he waived his right to bring a lawsuit about any issues arising out of the proceeding; (4) Beckman's report is protected by the common-interest privilege; (5) McLay doesn't state a claim for

defamation because the report is an opinion, not a statement of fact; and (6) McLay doesn't state a claim for negligence because he wasn't Beckman's patient.

The court need not discuss all of these contentions. Two will suffice. For the reasons explained below, the court will grant the motion to dismiss on the grounds that Beckman was an officer of the tribunal and is entitled to the common-interest privilege.

ANALYSIS

A. Quasi-judicial immunity

It is well established in federal law that experts appointed by a judicial or quasi-judicial body are entitled to immunity for the statements they make pursuant to that appointment. *See Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009) ("[C]ourt-appointed experts, including psychiatrists, are absolutely immune from liability for damages when they act at the court's direction."); *Capra v. Cook Cnty. Bd. of Review*, 733 F.3d 705, 709–10 (7th Cir. 2013) (granting immunity to staff of quasi-judicial body). The reason for this rule is straightforward: these experts need immunity to perform their functions and protect them from harassment. *Cooney*, 583 F.3d at 970.

Wisconsin has followed a similar approach. For example, in *Snow v. Koeppl*, the plaintiff brought tort claims against a court-appointed psychologist for statements made in the report provide to the court. 159 Wis. 2d 77, 464 N.W.2d 215 (Ct. App. 1990). The court of appeals affirmed the dismissal of the case on immunity grounds, reasoning that court-appointed experts "may be subjected to harassing litigation" and "may well feel that justice is too dearly bought and that it is safest to abandon its pursuit" if they don't receive immunity. *Snow*, 159 Wis. 2d

at 81, 464 N.W.2d at 216 (quoting *Bussewitz v. Wisconsin Teachers' Ass'n*, 188 Wis. 121, 124–25, 205 N.W. 808, 810 (1925)).

Like the federal courts, Wisconsin courts have extended immunity to statements in a "quasi-judicial proceeding before a quasi-judicial body." *DiMiceli v. Klieger*, 58 Wis.2d 359, 365, 206 N.W.2d 184 (1973). Neither side cites any Wisconsin case law considering whether a religious tribunal qualifies as a quasi-judicial body, but both sides assume that it does, so the court need not consider that question.

The parties' shared assumption is dispositive. If the tribunal is treated as a quasi-judicial body, then the law is clear that the speech of an expert appointed by that body is privileged. *See Snow*, 159 Wis. 2d at 81, 464 N.W.2d at 216. *See also Bromund v. Holt,* 24 Wis. 2d 336, 341, 129 N.W.2d 149, 152 (1964) (granting immunity to pathologist who submitted report to the court, and citing cases holding that "physicians appointed to examine a person in connection with proceedings to determine sanity are quasi-judicial officers and immune from civil liability for actions within their jurisdiction").

McLay cites *Vultaggio v. Yasko*, 215 Wis. 2d 326, 335, 572 N.W.2d 450, 454 (1998), for the proposition that statements aren't entitled to immunity unless they are made under oath. But *Vultaggio* was about statements made by witnesses at city council hearings. It has nothing to do with experts appointed by quasi-judicial bodies.

In any event, even the unsworn statements in *Vultaggio* were entitled to a conditional privilege. 215 Wis. 2d at 328, 572 N.W.2d at 451. This means that the witness's speech is protected unless she abuses her privilege in one of five ways: (1) the witness knows the defamatory matter to be false, or acts in reckless disregard as to its truth or falsity; (2) the defamatory matter is published for some purpose other than that for which the particular

privilege is given; (3) the publication is made to some person not reasonably believed to be necessary for the accomplishment of the purpose of the particular privilege; (4) the publication includes defamatory matter not reasonably believed to be necessary to accomplish the purpose for which the occasion is privileged; or (5) the publication includes unprivileged matter as well as privileged matter. *Vultaggio*, 215 Wis. 2d. at 345–46, 572 N.W.2d at 458.

McLay doesn't contend that categories (2) through (5) apply. *See Posyniak v. Sch. Sisters of St. Francis of St. Joseph's Convent*, 180 Wis. 2d 619, 628, 511 N.W.2d 300, 305 (Ct. App. 1993) (plaintiff has burden to show that defendant abused privilege). And McLay's own allegations show that those categories don't apply. Beckman published the report in response to a direct request from the tribunal, Dkt. 6, ¶ 11; she provided the report to the tribunal directly, *id.*; the alleged defamation relates to the tribunal's request, *id*, ¶¶ 10, 13; and McLay identifies no defamatory content in the report that isn't directly related to what the tribunal asked Beckman to write.

McLay doesn't directly address category (1) either, but, in the context of addressing a different issue, he says that the report was "arguably malicious" because Beckman "apparently refused to provide a copy of her report to the Wisconsin Department of Safety and Professional Services." Dkt. 18, at 9. This appears to be a reference to paragraph 16 of the complaint, which alleges that the department was "unable to obtain a copy" of the report. But even if it is true that Beckman refused to provide a copy of her report to the state, that allegation provides no basis for inferring that the report itself was based on malice. And McLay identifies no other reason for inferring that Beckman knew that her report included false statements or that she acted with reckless disregard. So even if Beckman is entitled to a conditional rather than an absolute privilege, McLay's claim against her is barred.

**B. Common-interest privilege**

The common-interest privilege applies to "statements made on a subject matter in which the person making the statement and the person to whom it is made have a legitimate common interest." *Zinda v. Louisiana Pac. Corp.*, 149 Wis. 2d 913, 922–24, 440 N.W.2d 548, 552–53 (1989). In *Zinda,* the court adopted Restatement (Second) of Torts § 596, which describes the privilege as follows: "An occasion makes a publication conditionally privileged if the circumstances lead any one of several persons having a common interest in a particular subject matter correctly or reasonably to believe that there is information that another sharing the common interest is entitled to know."

The common-interest privilege often applies in the employment context, for example, to letters of reference, *see Hett v. Ploetz*, 20 Wis. 2d 55, 121 N.W.2d 270 (1963), or investigations of employee misconduct, *see Olson v. 3M Co.,* 188 Wis. 2d 25, 36, 523 N.W.2d 578, 582 (Ct. App. 1994). But the privilege is broader than that; it can apply whenever a statement is "made in furtherance of common property, business, or professional interests." *Zinda*, 149 Wis. 2d at 923, 440 N.W.2d at 552.

McLay says that the common-interest privilege doesn't apply because Beckman hasn't alleged that she is a member of the Roman Catholic church. Dkt. 18, at 12. He relies on comment e. to the Restatement (Second) of Torts § 596, which states that the common-interest privilege applies to "members of religious, fraternal and charitable associations." But the comment also says that the privilege applies to "communications between members and *officers* of the organization concerning the legitimate conduct of the activities for which it was organized." *Id*. (emphasis added). Perhaps Beckman wasn't an "officer" of the church in the

5

technical sense, but the tribunal's appointment of her as an expert made her an associate of the church in an important respect.

Regardless of the scope of comment e., Wisconsin courts have taken a broad view of what a "common interest" is for the purpose of applying the privilege. For example, in *Shannon v. Allies for the Mentally Ill of Greater Milwaukee*, 189 Wis. 2d 17, 24–25, 525 N.W.2d 299, 302 (Ct. App. 1994), the court held that the privilege applied to statements between two nonprofit organizations that both focused on mental health issues. The relationship between Beckman and the tribunal was much closer in this case. She prepared a report at the tribunal's request and addressed the requested subject matter. Under these circumstances, it was reasonable for Beckman to believe that the tribunal was "entitled to know" the conclusions that the tribunal itself had asked her to reach.

The common-interest privilege is only conditional, so a plaintiff can overcome the privilege for any of the five reasons noted above from *Vultaggio*. But, as already noted, McLay hasn't alleged that Beckman abused the privilege, so Beckman is entitled to dismissal on this ground as well.


ORDER

IT IS ORDERED that defendant Heidi Beckman's motion to dismiss, Dkt. 11, is GRANTED. The court is directed to enter judgment in favor of Beckman and close this case.

Entered March 25, 2021.

                                      BY THE COURT:

                                      /s/

                                      _____

                                      JAMES D. PETERSON
                                      District Judge